# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. LKG-23-223** |
| | * | |
| **DEANGELO LEWIS** | * | **(Conspiracy to Commit Mail and Bank** |
| | * | **Fraud, 18 U.S.C. § 1349; Bank Fraud,** |
| | * | **18 U.S.C. § 1344; Robbery of United** |
| **Defendant** | * | **States Property, 18 U.S.C. § 2114(a);** |
| | * | **Use, Carry, and Brandish a Firearm** |
| | * | **During and in Relation to a Crime of** |
| | * | **Violence, 18 U.S.C. § 924(c); Unlawful** |
| | * | **Possession of Postal Service Keys,** |
| | * | **18 U.S.C. § 1704; Theft of Mail** |
| | * | **Matter, 18 U.S.C. § 1708; Aiding and** |
| | * | **Abetting, 18 U.S.C. § 2; Forfeiture, 18** |
| | * | **U.S.C. § 981(a)(1)(C); 21 U.S.C. § 853)** |
| | * | |

**\*\*\*\*\*\*\***

## SUPSERSEDING INDICTMENT

### COUNT ONE
### (Conspiracy to Commit Mail Fraud and Bank Fraud)

The Grand Jury for the District of Maryland charges that:

### Introduction

At all times material to this Indictment:

1. Defendant **DEANGELO LEWIS** was a resident of Maryland.

2. Navy Federal Credit Union, Bank of America, Chase, and other consumer banks (collectively, the "victim financial institutions") were financial institutions within the meaning of 18 U.S.C. § 20 in that their deposits were insured by the Federal Deposit Insurance Corporation or the National Credit Union Share Insurance Fund.


USDC- GREENBELT
'25 MAY 15 PM2:34

1

3.     The victim businesses included postal customers located in Maryland, Virginia, Washington, D.C., Pennsylvania, and Texas.

4.     The individual victims of criminal activities described in this Indictment were postal customers and included Individual A and Individual B, residents of Maryland.

## The Conspiracy and Scheme to Defraud

5.     Beginning at least on or about January 31, 2022, and continuing through at least on or about November 8, 2022, in the District of Maryland and elsewhere, the defendant,

**DEANGELO LEWIS,**

did knowingly and willfully combine, conspire, confederate, and agree with individuals known and unknown to the Grand Jury:

a.     to commit bank fraud, that is, to execute and attempt to execute a scheme and artifice to defraud the victim financial institutions, and to obtain and attempt to obtain monies, funds, credits, assets, and securities owned by, and under the custody and control of, the victim financial institutions by means of materially false and fraudulent pretenses, representations, and promises, in violation of 18 U.S.C. § 1344; and

b.     to commit mail fraud, that is, to devise and intend to devise a scheme and artifice to defraud the victim financial institutions, and to obtain money and property from the victim financial institutions by means of false and fraudulent pretenses, representations, promises, and material omissions, and for the purpose of executing and attempting to execute the scheme to defraud, to take and receive from any post office and authorized depository for mail matter any matter or thing to be sent or delivered by the Postal Service, in violation of 18 U.S.C. § 1341.

## Manner and Means of the Conspiracy and Scheme to Defraud

6.     It was part of the conspiracy and scheme to defraud that:

a.     **LEWIS** and his conspirators used handguns to forcibly rob United States Postal Service ("USPS") mail carriers of proprietary arrow keys, which allowed access to USPS depositories.

b.     **LEWIS** and his conspirators used the stolen arrow keys to access authorized USPS depositories in order to take mail matter, including checks that the victim businesses and individual victims had placed in the mail for delivery to various payees.

c.     **LEWIS** and his conspirators altered checks stolen from the mail so that the checks appeared to be payable to accounts the conspirators controlled.

d.     **LEWIS** and his conspirators negotiated and caused to be negotiated the altered checks, thereby obtaining funds that were in the care, control and custody of the victim financial institutions.

e.     **LEWIS** and his conspirators traveled to branches of the financial institutions hosting the accounts which the conspirators controlled, deposited checks into those accounts, and subsequently withdrew the funds.

f.     **LEWIS** and his conspirators fraudulently obtained and attempted to obtain at least $946,974.17 from the individual and business victims, as well as victim financial institutions, by diverting funds from individual and business victims' accounts into accounts the coconspirators controlled.

18 U.S.C. § 1349

## COUNTS TWO THROUGH FIVE
### (Bank Fraud)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1 through 4 and 6 of Count One of this Indictment are incorporated here and constituted a scheme and artifice to defraud the victim financial institutions by means of materially false and fraudulent pretenses, representations, and promises and material omissions.

2.     On or about the dates set forth below, in the District of Maryland and elsewhere, the defendant,

### DEANGELO LEWIS,

knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution, and to obtain any of the monies, funds, credits, assets, and other property owned by and under the custody and control of a financial institution by means of material false and fraudulent pretenses, representations and promises; to wit:

| Count | Approx. Date | Description |
|-------|--------------|-------------|
| 2 | February 14, 2022 | Deposited an altered check in the amount of $27,398.90 at a Navy Federal Credit Union location in Clinton, Maryland |
| 3 | April 1, 2022 | Deposited an altered check in the amount of $10,003 at a Truist Bank in Oxon Hill, Maryland |
| 4 | June 27, 2022 | Deposited an altered check in the amount of $16,047 written on an account at Sandy Spring Bank |
| 5 | July 25, 2022 | Deposited an altered check in the amount of $33,248 at a Chase Bank in Washington, D.C. |

18 U.S.C. § 1344
18 U.S.C. § 2

## COUNT SIX
### (Robbery of United States Property)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 and 6(a) of Count One of this Indictment are incorporated here.

2.      On or about January 31, 2022, in the District of Maryland, the defendant,

**DEANGELO LEWIS,**

did assault any person having lawful charge, control, and custody of any mail matter and other

property of the United States—that is, a USPS mail carrier—with intent to rob, steal, and purloin

said mail matter and other property of the United States—that is, a USPS arrow key—and did

rob said person of mail matter and other property of the United States, and, in effecting such

robbery, the defendant put the life of said person in jeopardy by the use of a dangerous weapon,

that is, a firearm.

18 U.S.C. § 2114(a)
18 U.S.C. § 2

## COUNT SEVEN
### (Use, Carry, and Brandish a Firearm During and in Relation to a Crime of Violence)

The Grand Jury for the District of Maryland further charges that:

On or about January 31, 2022, in the District of Maryland, the defendant,

**DEANGELO LEWIS,**

did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, robbery of United States property, in violation of 18 U.S.C. § 2114(a), as set forth in Count Six of this Indictment and incorporated here.


18 U.S.C. § 924(c)(1)(A)(i) & (ii)

## COUNT EIGHT
### (Robbery of United States Property)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1 and 6(a) of Count One of this Indictment are incorporated here.

2.     On or about October 20, 2022, in the District of Maryland, the defendant,

### DEANGELO LEWIS,

did assault any person having lawful charge, control, and custody of any mail matter and other

property of the United States—that is, a USPS mail carrier—with intent to rob, steal, and purloin

said mail matter and other property of the United States—that is, a USPS arrow key—and did

rob said person of mail matter and other property of the United States, and, in effecting and

attempting to effect such robbery, the defendant put the life of said person in jeopardy by the use

of a dangerous weapon, that is, a firearm.

18 U.S.C. § 2114(a)
18 U.S.C. § 2

## COUNT NINE
**(Use, Carry, and Brandish a Firearm During and in Relation to a Crime of Violence)**

The Grand Jury for the District of Maryland further charges that:

On or about October 20, 2022, in the District of Maryland, the defendant,

**DEANGELO LEWIS,**

did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, robbery of United States property, in violation of 18 U.S.C. § 2114(a), as set forth in the Count Eight of this Indictment and incorporated here.

18 U.S.C. § 924(c)(1)(A)(i) & (ii)
18 U.S.C. § 2

## COUNT TEN
### (Unlawful Possession of Postal Service Keys)

The Grand Jury for the District of Maryland further charges that:

On or about September 29, 2022, in the District of Maryland, the defendant,

**DEANGELO LEWIS,**

did knowingly and unlawfully possess keys suited to locks adopted by the United States Postal

Service and in use on authorized receptacles for the deposit and delivery of mail matter, with the

intent to use, sell, and otherwise dispose of said keys unlawfully and improperly.

18 U.S.C. § 1704
18 U.S.C. § 2

## COUNT ELEVEN
### (Unlawful Possession of Postal Service Keys)

The Grand Jury for the District of Maryland further charges that:

On or about October 27, 2022, in the District of Maryland, the defendant,

**DEANGELO LEWIS,**

did knowingly and unlawfully possess any key suited to any lock adopted by the United States

Postal Service and in use on authorized receptacles for the deposit and delivery of mail matter,

with the intent to use, sell, and otherwise dispose of said key unlawfully and improperly.

18 U.S.C. § 1704
18 U.S.C. § 2

## COUNT TWELVE
### (Theft of Mail Matter)

The Grand Jury for the District of Maryland further charges that:

On or about October 27, 2022, in the District of Maryland, the defendant,

**DEANGELO LEWIS,**

did knowingly steal, take, abstract, and obtain by fraud or deception mail matter from and out of

any authorized depository for mail matter, namely three authorized depositories for mail matter

located in Potomac, Maryland.


18 U.S.C. § 1708
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as a part of any sentence in accordance with 18 U.S.C. §§ 924(d), 981(a)(1)(C) and 982, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c) in the event of the defendants' conviction on any of the offenses charged in Counts One through Nine and Count Twelve of this Indictment.

### Mail Fraud, Mail Theft, and Robbery Forfeiture

2. Upon conviction of any of the offenses charged in Counts One, Counts Six and Eight, and Count Twelve of this Indictment, the defendant,

### DEANGELO LEWIS,

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offense.

### Bank Fraud Forfeiture

3. Upon conviction of any of the offenses charged in Counts One through Five of this Indictment, the defendant,

### DEANGELO LEWIS,

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2), any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such offense.

**Firearms Forfeiture**

4.      Upon conviction of any of the offenses alleged in Counts Six through Nine of this

Indictment, the defendant,

**DEANGELO LEWIS,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any

firearms and ammunition involved in the offenses.

**Property Subject to Forfeiture**

5.      The property to be forfeited includes, but is not limited to:

    a.  a money judgment in the amount of proceeds each defendant obtained as the
        result of his participation in any offenses of conviction; and

    b.  a Polymer 80 9mm handgun with a full-automatic switch installed.

    c.  a Mossberg 20-caliber pump-action shotgun, model 600

    d.  a GSG-16 .22 Caliber Rifle

    e.  Approximately 13 rounds of 9mm ammunition

**Substitute Assets**

6.      If, as a result of any act or omission of the defendant, any of the property

described above as being subject to forfeiture:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third person;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property that cannot be divided without

        difficulty;

the United States shall be entitled to forfeiture of substitute property of the defendant pursuant to

21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).


18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Kelly O. Hayes
United States Attorney

**SIGNATURE REDACTED**

Foreperson

Date: May 15, 2025